**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

BEVERLY WELCH,     )
            )
            )
     Plaintiff,  )
            )
    v.     )   No. 2:26-cv-04084-WJE
            )
MISSOURI HIGHED EDU,   )
            )
            )
     Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Beverly Welch, *pro se*, has filed her Complaint without payment of the filing fee. (Doc. 1). The Court ordered Ms. Welch to pay the filing fee or seek leave to proceed in forma pauperis by May 22, 2026. (Doc. 2). Ms. Welch has failed to do so. The Court therefore recommends that Ms. Welch's case be dismissed without prejudice.

### I. Background

This matter arises from an alleged violation of Ms. Welch's constitutional right to contract under Article I, Section 10 of the United States Constitution. (Doc. 1 at 2). In her Complaint, Ms. Welch names "Missouri Higher Edu" as the sole defendant. (*See* Doc. 1). The entirety of Ms. Welch's claim reads as follows:

> I sent the notice of unpaid lien to the company (which I will attach to this case), letting them know about the first obligation trust lien that I needed to get taken care (which had nothing to do with them). They completely ignored the notice and continued to report account on credit which now puts them at fault for the trust lien security agreement pay off for delaying and ignoring the first obligation pay off.

(Doc. 1 at 4). Ms. Welch attached a Notice of Lien to her Complaint. (Doc. 1-1).

Ms. Welch seeks relief in the amount of $1,000,000.00 "for trust security agreement violation," $1,000 per violation of the "Fair Credit Act," for her account to be paid off, and for a report that her account is "in good standing." (*Id.*).

## II.     Discussion

Ms. Welch filed her Complaint on April 21, 2026, without payment of the filing fee and without filing a motion for leave to proceed in forma pauperis. On April 22, 2026, the Court ordered Ms. Welch to either file a motion for leave to proceed in forma pauperis or pay the filing fee within 30 days. (Doc. 2). A copy of the Court's Order was mailed to the address Ms. Welch provided in her Complaint. (*Id.*). To date, Ms. Welch has not responded to the Court's Order. Accordingly, the Court recommends that her Complaint be dismissed without prejudice.

Payment of the filing fee is required to commence a civil action in federal court. 28 U.S.C. § 1914(a). A plaintiff who cannot afford the filing fee may seek leave to proceed in forma pauperis. 28 U.S.C. § 1915(a). To proceed in forma pauperis, a plaintiff must submit an affidavit that includes a statement of all assets he or she possesses. 28 U.S.C. § 1915(a)(1); *see also* L.R. 83.7(a) ("An individual may request leave to commence a civil action without being required to prepay fees or costs by filing with the complaint an affidavit requesting leave to proceed in forma pauperis."). "In forma pauperis status, however, is a privilege, not a right." *Zuhayr El v. Bodenhausen*, No. 4:22-CV-00520-RWS, 2022 WL 3081168, at *3 (E.D. Mo. Aug. 3, 2022) (citing *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987)).

Plaintiffs proceeding *pro se* must still comply with court orders and with the Federal Rules of Civil Procedure. *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). A district court may dismiss an action for failure to comply with a court order. Fed. R. Civ. P. 41(b); *see Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir.2005). "If a self-represented plaintiff fails

to comply with a court order, the court may dismiss the action on its own initiative." *Zuhayr El*, 2022 WL 3081168, at *3 (citing *Brown v. Frey*, 806 F.2d 801, 803 (8thCir. 1986)).

Ms. Welch has neither paid the filing fee nor sought leave to proceed in forma pauperis. She has ignored the Court's Order directing her to do so. (*See* Doc. 2). Accordingly, the Court recommends that Ms. Welch's case be dismissed without prejudice.

### III.     Conclusion

For the foregoing reasons, IT IS THEREFORE RECOMMENDED that the District Judge, after making an independent review of the record and applicable law, enter an order dismissing this case without prejudice.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the District Judge, except on the grounds of plain error or manifest injustice.

Dated this 5th day of June, 2026, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
Chief United States Magistrate Judge